ORANGE FERRIS *vs.* SAMUEL BARLOW *and* SAMUEL H. BARLOW.

Rule of damages in cases of breach of contract.

An agreement by a debtor and a third person to execute their joint and several notes to the creditor for the amount of the debt at the expiration of *five weeks,* in consideration, that the creditor will forbear to sue the debtor for that period, is not the contract of a guarantee, but is a direct undertaking to satisfy the debt, by giving the new notes at the time, and in the manner agreed upon.

And the creditor is not bound to pursue the debtor on the original obligation and attach property, though sufficient might have been found; but he has a legal right to claim performance of the new agreement, and may rely upon it for the recovery of his whole debt.

MOTION by the defendants, that a judgment of Franklin county court against them be reversed, and a new trial granted.

The action below was assumpsit, on the following special contract:

"Whereas *Samuel Barlow* is indebted to *Orange Ferris,* in the sum of about four hundred and thirty dollars—Now in consideration, that said *Ferris* will forbear to sue the said *Barlow* for the aforesaid debt, for the term of *five weeks,* we agree to execute our joint and several notes to said *Ferris,* for whatever sum is due to said *Ferris,* to be divided into four equal instalments; one payable 1st May, 1825, one, 1st May, 1826, one, the 1st of May, 1827, and the other 1st May, 1828; all to be on interest from date; provided, however, if the said *Samuel Barlow* shall give to the said *Ferris* satisfactory security for said demand at the expiration of said five weeks, then, and in that case, the said *Samuel H. Barlow* is to be released and discharged from this agreement.      (*Signed.*)          SAMUEL BARLOW,
                                                                    SAMUEL H. BARLOW.

St. Albans, May 25, 1824.

On the trial, upon the general issue, the execution of the contract was admitted; and the plaintiff, having proved two notes against *Samuel Barlow,* amounting in the whole, with the interest, to the sum of $488,11, thereupon rested his case. The defendants then offered to show, that at the time when the aforesaid notes were to have been executed by them according to the tenour of the aforesaid agreement or memorandum in writing, the said *Samuel Barlow* was amply able to pay the said two notes, so executed by him to the plaintiff, and that he had at that time sufficient personal property which might have been attached to secure said notes; and contended, that, there-

*Franklin,*
*January,*
*1827.*

*Ferris*
*vs.*
*Barlow, et al.*

fore, the plaintiff had not been injured by delaying to prosecute the said *Samuel,* for the said period of *five weeks,* and was entitled to recover no more than nominal damages.

But the court rejected the testimony offered, and instructed the jury, that the rule of damages, in the case, was the amount of the debt which *Samuel Barlow* owed the plaintiff at the time of the execution of the contract on which this action was brought, and which debt was alluded to in said contract, together with the interest thereon, up to the time of the trial. And the court left it for the jury to decide, what debt was intended by the parties in said contract. Whereupon the jury returned a verdict for the plaintiff, for the said sum of $488,11 cents.

The defendants having excepted to the said opinion and direction of the court, the exceptions were certified to this court for their final decision thereon.

After argument, the opinion of the court was delivered by

SKINNER, Ch. J. It is conceded in the case, that the contract declared upon is a valid one, that there has been a breach, and that the plaintiff is entitled to recover; but it is insisted, nominal damages only are to be given. In the assessment of damages for the non performance of a contract, the amount or value of the consideration paid is not the rule by which the jury are to make the estimate, though there may be cases in which this would be the only measure. In the case of a contract for the payment of money, the amount contracted to be paid, together with the interest from the time affixed for performance, is the rule. If the contract is for the payment or delivery of any thing, other than money, the rule of damages is the value of that article, &c. at the time and place appointed for performance. If the contract is for the transfer of stock, the value at the time the transfer ought to have been made, if the stock has risen, would be the lowest measure of damages, and it would seem, from recent authorities, the value at the time of trial. The law requires the defendant to make the plaintiff whole, *i. e.* he shall place him in as good a situation as he would have been by performance.---2 *Fonb.* 423.----3 *Wheat.* 200.----2 *Con. R.* 485.----3 *Vez.* 632.----3 *Cranch.* 298---8 *Term R.* 162, 610.---4 *Vez.* 492, (*Dutch* vs. *Warren,* 2 *Bur.* 1010,)----*Chip. on Cont.* 121.

This rule, it is true, has not been adhered to in some actions upon contracts, from which it is *prima facie* self evident, that the party must have been entrapped, as in the case of *James* vs. *Morgan.*---1 *Lev.* 111, and *Thornburgh* vs. *Whitacre,* 3 *Sal.* 97.

In this case, the defendant offered evidence tending to show, that *Samuel Barlow* was responsible, and of sufficient ability to have paid the claim of the plaintiff, at the expiration of the five weeks, and insisted from these facts, the plaintiff was entitled only to nominal damages, or at most the interest upon the demand for that period; that a recovery in this action would be no bar to a suit against *S. Barlow* upon the original demand. There can be no doubt the original demand would have been

*Franklin,*
*January,*
*1827.*

*Ferris*
*vs.*
*Barlow, et al:*

satisfied and extinguished by a performance of the contract on the part of the defendants; and if the rule of damages in this case is, as was decided by the county court, there can be as little doubt a recovery in this case against *Samuel Barlow* and *Samuel H. Barlow* will be a bar to any suit against *Samuel Barlow* for the demand. It is, in effect, a recovery of the same debtor for the same debt. It is very evident, the parties consider *Samuel Barlow* at this time unable to pay the debt, and that *Ferris* considered him at least doubtful at the time he obtained the contract of the defendants. If he was of sufficient ability, the rule of damages would be immaterial to *S. H. Barlow.* He complains of the plaintiff for delaying to sue and attach the property of *S. Barlow.* This we believe he was not bound to do, but had a right to claim a fulfilment of the contract. The contract is not that of a guarantee, that *S. Barlow* shall pay the debt, or that he shall be of ability so to do at the end of five weeks. It is a direct undertaking to satisfy the claim by executing, at a given time, joint and several notes, payable at a future time. The ground taken by the defendant's counsel is nothing short of requiring a substitution of one contract for another, *i. e.* that the plaintiff, by due diligence, shall be enabled, at the expiration of five weeks, to secure his debt against *Samuel Barlow,* instead of an undertaking direct to satisfy the debt in the way specified in the contract. It is insisted, that the case is to be likened to a case of contract for exchange of of securities, or exchange of stock; and the case in 2 *East.* 211, *Shepherd* vs. *Johnson,* is relied upon. There is certainly in that case nothing that can make for the defendant. Suppose it was a contract for the exchange of stock; could not either party, by performance, have recovered *the value* of the stock he was to have received in affirmance of the contract, or damages for non performance, in disaffirmance, at his election ?---(*Bl. Com.* 442. ----1 *Str.* 506.----4 *Burrow,* 2101.) It is not necessary to say, that the contract declared upon was, at the time of executing it, an extinguishment of the old demand, or that after the breach, *Ferris* could not have resorted to the former; but we cannot doubt, that he had a legal right to claim a performance of the contract declared upon, and to rely upon it for his whole debt, and in case of a breach, to recover the amount in damages. The judge instructed the jury to find in damages, the amount of the claim against *S. Barlow.* Perhaps it would have been more correct to have limited the damages to the *value* of such notes as were to have been given by the defendants, being the value of that which was contracted to be delivered; yet as there is no pretence but they were of cash value, the verdict must have been to the same amount.

Motion denied, and judgment of the county court affirmed, &c.

PRENTISS, J. absent by reason of indisposition.

*Benj. Swift* and *J. Smith,* for the plaintiff.

*Henry Adams* and *B. F. Smalley* for the defendants.