### J. & J. M. TEMPLETON v. STEPHEN BASCOM.

*Contract.    Consideration.    Statute of Frauds.    Variance.*

The defendant was sole heir of B., and took possession of his estate, which was more than sufficient to satisfy all claims against it, immediately on B.'s decease.    The plaintiffs had a claim against the estate for a debt due them from B. in his lifetime, and soon after B.'s death the defendant, recognizing their debt as a just one against the estate, told the plaintiffs to give themselves no trouble about it, that he was sole heir of the estate and would pay their claim very soon; to which the plaintiffs assented, and by reason thereof took no steps to enforce their claim against the estate.    The declaration

Templetons *v.* Bascom.

alleged that the defendant, in consideration that the plaintiffs promised him to take no steps to enforce their claim against the estate, promised the plaintiffs that he would pay it, with interest, when thereto requested. *Held,* that the promise, as proved, contemplated an assumption of the debt by the defendant as a present liability, and the promise to pay the debt "very soon," as proved, was equivalent to the alleged promise to pay it "when thereto requested;" that the defendant's request to the plaintiffs to give themselves no trouble about their account would naturally be interpreted as a request to forbear taking any steps to enforce it against the estate; and therefore, that there was no substantial variance between the promise and consideration, as proved, and as alleged in the declaration.

*Held,* also, that the forbearance of the plaintiffs, at the defendant's request, to institute proceedings against the estate, was a sufficient consideration to support the defendant's promise to pay their claim, as it operated directly for the defendant's benefit by preventing a lessening of the estate for the charges of enforcing the claim against it.

*Held,* further, that the defendant's promise, not being founded on the consideration of the original debt, but on a new and distinct consideration moving directly from the plaintiffs to the defendant, was to be regarded as an original and independent undertaking, and need not, therefore, be in writing under the statute of frauds.

ASSUMPSIT. Declaration, for that one Elias Bascom, father of the defendant, was on the 1st day of May, 1854, indebted to the plaintiffs in the sum of fourteen dollars and fifty cents ; that on the 10th day of June, 1854, the said Elias died, leaving property of large value, to wit, five hundred dollars ; that the defendant was sole heir-at-law of said Elias, and entitled to all his estate, except what was necessary to pay his debts ; and that the defendant in consideration that the plaintiffs undertook and promised him that they would not present their claim to the commissioners on the estate of the deceased, or take the necessary legal steps to have it chargeable upon the estate, undertook and promised the plaintiffs to pay their claim with interest, whenever thereto requested. Plea, the general issue, and trial by the court, at the September Term, 1859,—BARRETT, J., presiding.

The court found the following facts : In March and April, 1854, an account accrued in favor of the plaintiffs, who were then partners, against Elias Bascom, amounting to fourteen dollars and fifty cents. Elias died in March or April, 1855, leaving the defendant his only child and sole heir, and leaving an estate

of several hundred dollars to the defendant over and above the amount of the debts owing by deceased. A few days after the decease of Elias, the defendant called on the plaintiffs, and, recognizing the existence of the account as a just debt against his father, told them to give themselves no trouble about it, that he was sole heir of his father, and would pay the account very soon; to which the plaintiffs replied, "very well, consult your own convenience as to time, it will be satisfactory; all we want is our pay." From time to time thereafter, down to the time this suit was commenced, the defendant repeated his promise to pay the account, but put off payment for the alleged reason of being short of funds. The plaintiffs relied on the defendant's promise to pay the account, and therefore took no proceedings against the estate of his father, and did not present their account to the commissioners thereon as a claim against it, as they otherwise would have done; of all which the defendant was fully aware. The promise of the defendant to pay the account was not in writing. The defendant was appointed administrator, and commissioners were appointed on the estate, July 25th, 1855. The report of the commissioners, which was returned to the probate court, February 18th, 1856, and there accepted and ordered to be recorded, did not contain any claim presented by the plaintiffs. The defendant, immediately on the death of his father, entered into possession of the estate, and has ever since held the same as sole heir.

The defendant claimed on the trial that the proof varied from the declaration; that there was no proof of any consideration for the defendant's promise; that if a consideration was proved, it was different from the one stated in the declaration; and that the plaintiffs could not recover because the defendant's promise was not in writing.

But the court rendered judgment for the plaintiffs, on the foregoing facts, for the amount of the account, with interest; to which the defendant excepted.

*C. W. Willard,* for the defendant.

*T. P. Redfield,* for the plaintiffs.

KELLOGG, J. It is urged on the part of the defendant against a recovery in this action, that his promise to pay the debt due from his deceased father to the plaintiffs, which is the cause of action declared on, is void under the statute of frauds, because it was not in writing and signed by him ; and that the consideration and promise declared on are different from the consideration and promise disclosed by the proof. A valuable consideration, however unequal, small, or nominal, if given or stipulated for in good faith, is, in the absence of fraud or statute provisions to the contrary, sufficient to support an action on any parol contract. In this case, the plaintiffs had a subsisting debt against the defendant's father, which, at his decease, could have been proved against his estate, and thus made legally chargeable thereon, and the estate of the father was then more than sufficient to pay all debts and charges against it. On the neglect of the defendant to take administration of the estate of his father, the plaintiffs, as creditors, might have taken it, and the expenses of administration on the estate, including those of the proceedings before the commissioners of claims, would have been charges against the estate which would have diminished the amount of the estate belonging to the defendant as the sole heir of his father ; and the defendant had a clear and direct interest to avoid the lessening of the estate. The request of the defendant to the plaintiffs to give themselves no trouble about their account would naturally be interpreted as a request to forbear taking any steps to prove or enforce their debt against his father's estate. In view of the interest which the defendant had in that estate, such forbearance, or the agreement for it, on the part of the plaintiffs, at the request of the defendant, ought to be regarded as a sufficient consideration for the defendant's promise to pay the debt. Where the promise to pay the debt of another arises out of some new and original consideration of benefit, loss, or harm moving between the newly contracting parties, the promise has always been considered an original and independent undertaking, and as not being a contract within the statute of frauds. The case of *Cross* v. *Richardson*, 30 Vt., 641, in which the application of this clause of that statute was very fully discussed, is a decisive authority for this proposition. The consideration of the promise of the defendant was

the waiving by the plaintiffs of their remedy against the estate of the defendant's father, — a remedy to which they had an unquestionable right, — for the benefit of the defendant, and at his request. . His promise to pay the debt to the plaintiffs was founded not on the consideration of the original debt, but on a new consideration distinct from it, moving from the plaintiffs directly to himself, the entire benefit of which was anticipated or received by him. It is therefore to be regarded not as collateral to the original debt, but as an original and independent under- taking. We think that the promise was founded on a sufficient consideration, which is well stated in the declaration, and that it is not within the statute.

The alleged variance between the proof 'and the declaration is this.: The promise as proved was "to pay the debt very soon," and, as stated in the declaration, it was "to pay the debt, with interest, whenever thereto requested." We think that the prom- ise as proved contemplated the transfer of the debt to the defend- ant, and an assumption of it by him, as an immediate or present liability; and that in the absence of a stipulation for a definite time of payment, the promise to pay the debt "very soon" was equivalent to a promise to pay it presently, or on request. In this view, the promise as proved is stated in the declaration sub- stantially according to its legal effect.

We are of opinion that the declaration covers the facts found in the case, and that those facts are sufficient in law to warrant the judgment of the county court in favor of the plaintiffs.

Judgment affirmed.