### Stone *v.* Gilman.

Where G., an heir, and her husband, intend to oppose the probate of her father's will because it was made through the undue influence of her sister, the executrix and residuary legatee, the promise of G. and her husband not to oppose the probate of the will is a good consideration for the promise of the executrix to consider as paid, and to deliver to G. as her share, a note against the husband belonging to the estate; and if G. and her husband change their position on account of the promise, the executrix will be estopped to maintain an action thereon against the husband.

Assumpsit, on a note for $1,600, signed by the defendant and payable to Paul Randall, who died, and the plaintiff is executrix of his will. Pleas, the general issue, and the statute of limitations.

The plaintiff, Mrs. Gilman, the wife of the defendant, and Mrs. Mary Stone, were the heirs of Randall. By the will he gave $1 to Mrs. Gilman, $50 to Mrs. Stone, and the rest of his estate to the plaintiff. The estate was a farm worth $4,000, the note in suit, and a $2,000 note secured by mortgage. The court, subject to the defend-

ant's exception, excluded evidence that the will was made by the un-
due influence of the plaintiff, and that it was the purpose of the de-
fendant, his wife, and Mrs. Mary Stone, to contest its validity; that
after the death of Randall, the three sisters and the defendant agreed
that the probate of the will should not be opposed, and the plaintiff
should administer the estate as if there were no will; that the note in
suit should be considered paid, and should be given up as Mrs. Gilman's
share of the estate, the $2,000 note should be assigned to Mrs. Stone,
and the plaintiff should have the rest of the estate; that the agree-
ment not to oppose the will was performed, and that the conduct of
the plaintiff was a fraudulent breach of the agreement.   The defend-
ant claimed that he, his wife, and Mrs. Stone, having changed their
position by not exercising their right to defeat the probate of the will,
the plaintiff is estopped to maintain this suit.   Verdict for the plain
tiff on the other questions in the case, which the defendant moved to
set aside.

*Marston* and *Copeland*, for the plaintiff.

*Small* and *Mellows*, for the defendant.

BINGHAM, J.   The excluded evidence tended to prove an agreement
of the defendant and his wife not to oppose the probate of the father's
will, as a consideration for the promise of the plaintiff to consider as
paid the note in suit, and deliver it to Mrs. Gilman as her share.
Such a promise by the defendant and his wife would be a sufficient
consideration for the alleged promise of the plaintiff.   *Hall* v. *Buck-
minster*, 5 Pick. 393; Met. Con. 163, 172, 173; *Templeton* v. *Bas-
com*, 33 Vt. 132; *Farmer* v. *Stewart*, 2 N. H. 97; *Stebbins* v. *Smith*,
4 Pick. 97; 1 Pars. Con. 444; *Burnham* v. *Dunn*, 35 N. H. 556, 560.
The evidence also tended to prove that the defendant and his wife, on
account of the plaintiff's promise, did not oppose the probate of the
will, and thus changed their position.   We see no reason why the
ordinary doctrine of estoppel should not apply, and the plaintiff be
estopped from maintaining the suit on the evidence offered.   *Lyman*
v. *Littleton*, 50 N. H. 42.   The verdict is not now set aside, but a
trial is granted of the question of estoppel.

The presiding justice at the trial will determine how much of the
case it is necessary to try, to correct the error.

DOE, C. J., did not sit.