## J. F. BELLOWS v. E. A. SOWLES.

*Statute of Frauds—Forbearance of Opposition to Probate of Will. Consideration. R. L. s. 981.*

The promise of an executor to pay $5,000 to one of the testator's heirs-at-law, who received nothing under the will, in consideration that he would forbear further opposition to the probate of the will, claimed to have been made as it was through undue influence, is not within the statute; and such forbearance is a sufficient consideration.

ASSUMPSIT. Heard on demurrer to the declaration, September Term, 1883, Franklin County, ROYCE, Ch. J., presiding. Demurrer overruled.

The declaration alleged in substance: That the plaintiff was a relative and heir-at-law of Hiram Bellows, deceased;

that by the terms of said Bellows' will, presented to the Probate Court for allowance, no provision was made for the plaintiff; that the plaintiff " claimed and insisted that he was left out of said will, and that no provision * * * * was made for the plaintiff through undue influence had and used upon said Bellows by said defendant and his wife, Maggie Sowles, and that said will was void, and should not be approved; that he had employed counsel to test the validity of said will before the Probate Court; that similar claims were made by other heirs"; " and whereas the said defendant being then and there the executor named in said will, and being largely interested pecuniarily in said estate as legatee and the husband of the principal legatee under said will, and well knowing the claim of the plaintiff, and that he had employed counsel as aforesaid, and that other heirs were then and there making similar claims, and being anxious to have said will sustained, had also employed counsel for that purpose; and it was then and there expected by the parties that a contest would be had upon the approval of said will, which would involve the expenditure of a large amount of money, and hinder and delay the settlement of said Bellows' estate, and the receipt by the said defendant and his said wife of their said legacies"; that the plaintiff met the defendant by appointment at defendant's house, and that the matters relating to the will were talked over; that " the plaintiff, at the special instance and request of the said defendant, would see one Charlotte Law, who was one of the heirs of said Bellows, and who was then and there intending to contest the validity of said will, and use his influence to have her allow said will to be approved, and that the plaintiff forbear to contest the approval of said will of said Bellows, and allow the same to be approved by the Probate Court aforesaid, and would not appeal from the decision of said court, he, the said defendant, undertook, and then and there faithfully promised to pay the plaintiff the sum of $5,000, whenever, after twenty days had elapsed from the date of . the approval of said will by said Probate Court, he should be thereunto requested." * * * * " And the plaintiff avers, that, confiding in the promise and · undertaking of the said , defendant so made as aforesaid, afterwards, to wit, on the day and year aforesaid, he did see said Charlotte Law, and did use his influence with her to allow said will to be ap-

proved, and did forbear to contest the approval of said will of said Bellows, and did allow the same to be approved by said Probate Court, and did not appeal from said approval"; * * * that said will was duly approved on the 7th day of December, 1876; that no appeal was taken; that the twenty days has elapsed; and that defendant, though requested, has wholly neglected and refused to pay the said $5,000, &c. There was a second count, substantially like the first, alleging, that the plaintiff was heir-at-law of said Bellows; that he received nothing under the will; that the will was made as it was, and plaintiff left out, "through undue influence and by procurement of the said defendant and his said wife, and that said will was void"; that he had arranged to contest the validity of the will; that this was known to the defendant; that it was "expected by the parties that long and expensive litigation would ensue, which would delay the settlement of said Bellows' estate, and prevent the said defendant and his said wife from receiving the large sums of money which they expected from said estate, as they otherwise would"; that the defendant "being pecuniarily interested in said estate to a large amount as legatee, as husband of the largest legatee under the will," &c.; that defendant promised to pay plaintiff the sum of $5,000 if he would forbear to contest the will; that . he did forbear, in consideration of the promise, &c., &c.

The common counts followed. See the declaration in *Bellows* v. *Sowles*, 55 Vt. 392.

Defendant *pro se* (with him *H. S. Royce* and *L. P. Poland*).

It is conceded that the alleged promise was in parol. The declaration clearly shows "a special promise" *as executor;* hence no action could be brought "to charge the defendant," &c. R. L. s. 981. The promise of an executor before probate is within the statute. Browne St. Fr. ss. 153, 173; Rob. Fr. 201; Thr. Verb. Agr. ss. 11, 17; *Sabin* v. *Rounds,* 50 Vt. 76; 1 Will. Ex. 405, 629. The defendant's promise was made in his personal capacity. *Harrington* v. *Rich,* 6 Vt. 666; *Cummings* v. *Brock,* 56 Vt. 308; 3 Will. Ex. p. 1777; Greenl. Ev. s. 264; *Clapp* v. *Lawson,* 31 Conn. 95;

*Selsbee* v. *Ingalls,* 10 Pick. 526; *Browne* v. *Barnes,* 6 Ala. 694; *Sedle* v. *Anderson,* 45 Pa. St. 464; *Chandler* v. *Davidson,* 6 Blackf. 367. There is no averment of undue influence; but only that plaintiff "claimed and insisted," &c.; but even this is not alleged to have been in *good faith. Bellows* v. *Sowles,* 55 Vt. 392. There was not a sufficient consideration.

The contingent, incidental, or ulterior benefits, which may possibly come to defendant individually, flowing through uncertain channels from the estate *alone,* and not by virtue of any agreement with the estate, and not emanating from the plaintiff, nor moving from him to defendant, without any fund applicable to the payment, afford no adequate consideration to charge an executor individually. *Clapp* v. *Webb,* 52 Wis. 638; *Waether* v. *Morrill,* 6 Mo. 371; *Fullam* v. *Adams,* 37 Vt. 391; 7 Wait Act. & Def. 7; *Durant* v. *Allen,* 48 Vt. 58; *Wright* v. *Mason,* 1 Vt. 57; *Forth* v. *Stanton,* 1 Saund. 201, *n.* 1; 1 Swift Dig. 247; *Bank* v. *Adams,* 43 Vt. 198; *Curtis* v. *Brown,* 5 Cush. 488; *Thurber* v. *Hubbell,* 2 Day, 437.

If plaintiff had no well-founded claim, no security on the estate, he had no cause of action and no sufficient consideration, and nothing that he could give the defendant, on account of the alleged promise, and being without writing, the defendant would not be liable. *Ormsbee* v. *Howe,* 54 Vt. 182; *Monhaland* v. *Bartlett,* 74 Ill. 58; 1 Par. Cont. 442; *Sullivan* v. *Collins,* 18 Iowa, 223; *Edwards* v. *Baugh,* 11 M. & W. 637; *Jones* v. *Ashburnham,* 4 East, 455; *Davis* v. *French,* 20 Me. 21; *Long* v. *Henry,* 54 N. H. 57; *Waldo* v. *Simpson,* 18 Mich. 345; *Burr* v. *Wilcox,* 13 Allen, 269; *Nelson* v. *Boynton,* 3 Met. 396; *Robinson* v. *Gilburn,* 43 N. H. 491; Browne St. Fr. s. 212; *Maule* v. *Buckner.* 50 Pa. St. 39; *Cross* v. *Richardson,* 30 Vt. 641; Chit. Con. 450; 13 Ohio, 340; *Trustees* v. *Flint,* 13 Met. 539.

*Geo. A. Ballard, Farrington & Post, Wilson & Hall,* and *Noble & Smith,* for the plaintiff.

The declaration sets out a good cause of action. It counts upon a contract by which the defendant agreed to pay the plaintiff the sum of $5,000. The plaintiff had a right to contest the will. His agreement not to oppose the probate of the will, nor to appeal, was a waiver of a legal right. *Downer* v. *Church,* 44 N. Y. 648; *Palmer* v. *North,* 35 Barb. 282, 293; *Smith* v. *Rogers' Est.* 35 Vt. 140; *Templeton* v. *Bascomb,* 35 Vt. 133; *Hammond* v. *Cook,* 25 Vt. 297; *Blake* v. *Peck,* 11 Vt. 483; *Seaman* v. *Seaman,* 12 Wend. 381; *Ormsbee* v. *Howe,* 54 Vt. 182; *Bellows* v. *Sowles,* 55 Vt. 392. The fact that the plaintiff agreed to see Charlotte Law, and use his influence, &c., was a sufficient consideration. *Kerr* v. *Lucas,* 1 Allen, 279; *Sanborn* v. *French,* 22 N. H. 246; *Whittle* v. *Skinner,* 23 Vt. 531; *Oakley* v. *Bowman,* 21 Wend. 588. The defendant is liable on his promise. 3 Red. Wills, 320; 1 Wait Act. & Def. 96; *Dolcher* v. *Fry,* 37 Barb. 152; *Russell* v. *Cook,* 3 Hill, 504; *Dixon* v. *Evans,* 5 Eng. & Ir. App. Ca. 606; 39 Am. Rep. 124; *Bellows* v. *Sowles, supra.* The defendant is concluded by the compromise. 1 Chit. Con. 29; *Bank* v. *Blair,* 44 Barb. 641; *Holcomb* v. *Bascomb,* 8 Vt. 141; *McKinly* v. *Wilkins,* 13 Ill. 140; *Russell* v. *Cook, supra; Mattocks* v. *Lyman,* 16 Vt. 113. It is an original undertaking and agreement of the defendant, not in his representative capacity, but for his own benefit, and founded on a valid consideration. *Smith* v. *Rogers' Est.* 35 Vt. 140; 39 Am. Rep. 124. The defendant was not executor when the contract was made. R. L. ss. 2063, 2082; *Tucker* v. *Starks,* Brayt. 99. The only default charged is the defendant's own fault in not doing as he agreed. *Randall* v. *Kelsey,* 46 Vt. 158; *Lampson* v. *Hobart,* 28 Vt. 697; *Cross* v. *Richardson, supra; Templeton* v. *Bascomb,* 33 Vt. 132; *Hammond* v. *Cook,* 25 Vt. 297. The plaintiff can recover on the common counts. *Barber* v. *Whitney,* 29 Ill. 439; *Mattocks* v. *Lyman, supra.*

The opinion of the court was delivered by

POWERS, J.   Counsel for the defendant have demurred to the declaration in this case upon two grounds; first, that the consideration alleged is insufficient; secondly, that the promise not being in writing comes within, and is therefore not enforceable under, the Statute of Frauds.

It has been so often held that forbearance of a legal right affords a sufficient consideration upon which to found a valid contract, and that the consideration required by the Statute of Frauds does not differ from that required by the common law, it does not appear to us to be necessary to review the authorities, or discuss the principle.   As to the second point urged in behalf of the defendant, this case presents greater difficulties.   Although the Statute of Frauds was enacted two centuries ago, and even then was little more than a reenactment of the pre-existing common law, and though cases have continually arisen under it, both in England and America, yet so confusing and at times inconsistent are the decisions, that its consideration is always attended with difficulty and embarrassment.

The best understanding of the statute is derived from the language itself, viewed in the light of the authorities which seem to us to interpret its meaning as best to attain its object.   That clause of the statute under which this case falls, reads: " No action at law or in equity shall be brought * * * upon a special promise of an executor or administrator to answer damages out of his own estate."

This *special* promise referred to is, in short, any *actual* promise made by an executor or administrator, in distinction from promises implied by law, which are held not within the statute.

The promise must be " to answer *damages* out of his own estate."   This phraseology clearly implies an obligation, duty, or liability on the part of the *testator's* estate, for which the executor promises to pay damages out of his *own* estate.   The statute, then, was enacted to prevent executors

or administrators from being fraudulently held for the debts or liabilities of the estates upon which they were called to administer. In this view of the case, this clause of the statute is closely allied, if not identical in principle, with the following clause, namely: " No action, etc., upon a special promise to answer for the debt, default or misdoings of another." And so Judge ROYCE, in delivering the opinion of the court in *Harrington* v. *Rich*, 6 Vt. 666, declares these two classes of undertakings to be " very nearly allied," and considers them together. This seems to us to be the true idea of this clause of the statute:—that the undertaking contemplated by it, like that contemplated by the next clause, is in the nature of a *guaranty;* and that reasoning applicable to the latter is equally applicable to the former.

We believe this view to be well supported by the authorities. Browne, in his work on the Statute of Frauds, p. 150, says: " In the fourth section of the Statute of Frauds, special promises of executors and administrators to answer damages out of their own estates appear to be spoken of as one class of that large body of contracts known as guaranties." And so on page 184, he interprets " to answer damages " as equivalent to *to pay debts of the decedent.* This seems to be the construction given to the statute by Chief Justice REDFIELD, in his work on Wills. Vol. II. p. 290, *et seq.*

The Revised Statutes of New York, Vol. II. p. 113, have improved upon the phraseology of the old statute as we have adopted it, by adding, *or to pay the debts of the testator or intestate out of his own estate.*

If we are correct in this view of the relation between these two clauses, the solution of the question presented by this case is comparatively easy.

It has been held in this State, that when the contract is founded upon a new and distinct consideration moving between the parties, the undertaking is original and independent, and not within the statute. *Templeton* v. *Bascom,*

33 Vt. 132; *Cross* v. *Richardson*, 30 Vt. 641; *Lampson* v. *Hobart*, 28 Vt. 697. Whether or not it would be safe to announce this as a general rule of universal application, it is a principle of law well fortified by authority, that where the *principal* or *immediate* object of the promisor is not to pay the debt of another, but *to subserve some purpose of his own*, the promise is original and independent, and not within the statute. Brandt Sur. 72; 3 Par. Cont. 24; Rob. Fr. 232; *Emerson* v. *Slater*, 22 How. 28. And this seems to be the real ground of the decisions above cited in the 28th and 30th Vt., in which the court seems to blend the two rules just laid down.

PIERPOINT, J., in delivering the opinion of the court in *Cross* v. *Richardson, supra*, says: "The consideration must be not only sufficient to support the promise, but of such a nature as to take the promise out of the statute; and that requisite, we think, is to be found in the fact that it operates to the advantage of the promisor, and places him under a pecuniary obligation to the promisee, entirely independent of the original debt."

Apply this rule to this case. Here the main purpose of this promise was, not to answer damages (for the testator) out of his own estate, but was entirely to subserve some purpose of the defendant. The consideration did not affect the estate, but was a matter purely personal to the defendant. Here there was no liability or obligation on the part of the estate to be answered for in damages. It could make no difference to the *executor* of that estate whether it was to be divided according to the will, or by the law of descent. If the subject matter of this contract had been something entirely foreign to this estate, no one would maintain that the defendant was not bound by it, because he happened to be named executor in this will. Here the subject matter of the contract was connected with the estate, but in such a way that it was practically immaterial to the estate which way the question was decided. There exists, therefore, in

this case, no sufficient, actual, primary liability to which this promise could be collateral. This seems to us to be the fairest interpretation of the law. The statute was passed for the benefit of executors and administrators; but it might be said of it, as has been said of the protection afforded to an infant by the law of contracts, that "it is a shield to protect, not a sword to destroy." If this class of contracts was allowed to be avoided under it, instead of being a prevention of frauds, it would become a powerful instrument for fraud. As in this case the plaintiff would be deprived of his legal right to contest the will, by a party who has reaped all the benefit of the transaction, and is shielded from responsibility by a technicality. We do not believe this was the result contemplated by the statute.

The judgment of the County Court overruling the demurrer and adjudging the declaration sufficient is affirmed, and case remanded with leave to the defendant to replead on the usual terms.