### LINCOLN E. CLEMENTS *vs.* I. J. MURPHY.

### Androscoggin.    Opinion November 28, 1925.

*If parties enter into an express oral contract, the terms of which are mutually understood and assented to, with an agreement that a written contract shall be drafted which is viewed only as a convenient memorial, the oral contract is binding upon the parties, though the written draft never be signed.*

*On the contrary, if the parties continue only in negotiation, contemplating the drafting of a written contract which is viewed as a consummation of their negotiations, if the written contract is not executed, no express contract exists.*

In the instant case, the jury failed to find an express contract, oral or written. Hence, inasmuch as the furnishing and value of labor and materials was not questioned, the verdict for the plaintiff upon his account annexed was proper.

On motion for new trial.    An action on account annexed to recover a balance alleged to be due for labor and materials furnished by the plaintiff in constructing a section of the State Highway in the town of Turner.    The general issue was pleaded with a brief statement alleging that the work was done and materials furnished under an expressed contract and not on account.    The defendant contended that an oral contract was entered into by which it was agreed that plaintiff was to receive for labor and material on the basis of $2.00 per cubic yard of stone base laid, with an agreement that the oral contract was to be put in writing.    The plaintiff denied that an oral contract was made and contended that the parties continued only in negotiations, contemplating the drafting and executing of a written contract as a consummation of their negotiations.    A verdict of $3,671.91 was rendered for the plaintiff and the defendant filed a general motion for a new trial.    Motion overruled.

The case appears in the opinion.

*Frank A. Morey,* for plaintiff.

*Clifford & Clifford,* for defendant.

SITTING:    WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ.

STURGIS, J.    During the Summer of 1924 the plaintiff worked for the defendant, a road contractor, building a section of the State

Highway through the town of Turner. He began work August 4th, and continued furnishing men, trucks and sundry supplies until October 4th, of the same year. At that time, controversy arising as to whether the employment was by the day or on the basis of cubic yards of stone base laid, the plaintiff withdrew from the work with his men and trucks, and within a few days thereafter brought this suit.

The defendant claims that following several conferences held in the previous July, he accepted the plaintiff's offer to lay about two miles of stone base and gravel the same for $2.00 per cubic yard and, with the understanding that this agreement was to be reduced to writing, and that his employment was under and in accordance with this contract, the plaintiff began and carried on his work.

This claim of the defendant is stoutly denied by the plaintiff, who says that at preliminary conferences he discussed with the defendant the work to be done, and whether it should be by contract on a cubic-yard basis or by the day, and asserts, that while several counter-proposals were made, no agreement was reached nor contract made. He admits that at a conference at the DeWitt Hotel at Lewiston the latter part of July, the defendant and his attorney had with them and discussed between themselves a draft of a contract to be executed by the plaintiff and defendant, but states that this contract was neither read, explained, nor presented to him for signature, and he has no knowledge of its terms or conditions. Following this conference he says, receiving no further suggestion of a contract, on August 3d, he sought out the defendant, inquired of him as to whether he should go to work without a contract, and received an affirmative reply directing him to "come and bring his crew." He began work the following Monday. He says no further reference was made to a contract by the defendant until October 4th, when the defendant presented a contract providing for payment at the rate of $2.00 per cubic yard of stone base laid, and stated that the work of the plaintiff and his crew had been performed under the contract and payment would be made accordingly. The plaintiff says he promptly repudiated this statement, refused to sign the contract and, insisting that the work had been done on a day basis and actual costs of labor and material furnished, terminated his employment.

The defendant admits that no written contract was signed by the plaintiff, and that the draft prepared by his attorney was not pre-

sented for signature. He insists, however, that a contract in accordance with the oral agreement was drawn and signed by him early in August, and the delay in presentation until October 4th, was due to the necessity of rewriting the draft and the neglect of himself and his bookkeeper.

Upon this issue the jury found for the plaintiff and the defendant files a general motion for a new trial.

The defendant urges in argument that an oral contract was made as stated, the terms of which were mutually understood and assented to, and while it was agreed that a written contract should be drafted, it was viewed by the parties only as a convenient memorial of their previous completed oral contract, and the plaintiff is bound by this oral contract, even though the written draft was never signed.

If the facts were found to sustain the defendant's contention, his argument would prevail. If, on the contrary, the facts warrant a conclusion that the parties continued only in negotiation contemplating the drafting of a written contract which was viewed as a consummation of their negotiations, the plaintiff not having signed the instrument, no contract existed. *Berman* v. *Rosenberg,* 115 Maine, 19, 25; *Steamship Co.* v. *Swift,* 86 Maine, 248.

The jury evidently gave credence to the plaintiff's version of the incidents and conversations leading up to and resulting in his beginning and carrying on the work upon the highway, and found either that no oral contract binding the plaintiff to work and be paid on the cubic-yard basis was in fact made, or that the parties continued only in negotiation in their several conferences and the written contract contemplated was viewed not merely as a convenient memorial but as a consummation of their negotiations, and the plaintiff not having signed the instrument, the contract claimed by the defendant never came into existence. We cannot say that either finding was clearly wrong.

Finding that there was no contract on the cubic-yard basis, it was the duty of the jury to find for the plaintiff and award him a fair and reasonable compensation for the labor he and his men performed, for the use of his trucks, and for such supplies as he furnished. This they could do under his account annexed. *Cape Elizabeth* v. *Lombard,* 70 Maine, 399.

The amount of the verdict not being questioned, the entry must be

*Motion overruled.*