KATHERINE M. BENNER, In Equity.

*vs.*

CHARLES E. LUNT.

Penobscot.    Opinion April 5, 1927.

*Agreements relative to matters and proceedings in the probate courts are valid and enforcible contracts.*

In the case at bar the agreement to withdraw his contest of the will, in consideration of money to be paid him by plaintiff, is not denied, and proof that it was reduced to writing and signed by or for the defendant is not required, for it is alleged in the bill and admitted in the answer.

Even if this were not so, and the promise to abandon the contest were in parole only, it has been repeatedly held in courts where the precise point has been raised that specific performance of the oral promise will be enforced.

On appeal.   A bill in equity to enforce specific performance of a

contract between an heir at law and the executrix of a will, whereby the heir agreed no longer to contest the probate of a will, in return for a cash consideration.   Upon hearing, the bill was sustained with costs, respondent ordered to accept the amount named in the contract in full and final settlement of the contest on the probate of the will, and enjoined from further prosecution of such contest.   Respondent appealed.

Appeal dismissed.   Decree below affirmed with costs.

The case is sufficiently stated in the opinion.

*Ryder & Simpson,* for complainant.

*P. A. Smith,* for respondent.

SITTING:  WILSON, C. J., PHILBROOK, DEASY, BARNES, PATTANGALL, JJ.

BARNES, J.  Prior to bringing this bill in equity, plaintiff had offered for probate the will of Carrie S. Pond, by the terms of which there was bequeathed and devised to her all of the real and personal estate of the decedent.

The defendant, sole heir at law and next of kin of the testatrix, seasonably contested the probate of the will, and filed and perfected his appeal from the decree of the probate court.

Before hearing on the appeal, negotiations were had between plaintiff and defendant, which resulted in an agreement on the part of the defendant, for a consideration, to abandon his contest of the probate of the will.   Shortly thereafter defendant repudiated his agreement, and this bill was brought to enforce specific performance of the agreement and for injunction against him from further prosecuting his appeal.

The agreement was made on the second day of April, 1926, and in her bill plaintiff alleges that the consideration was to be $1750.00. She further says that on the sixth day of the same month defendant refused to accept the money, which she then offered him, and which she has thence hitherto continually stood ready to pay; that defendant, disregarding his agreement with her, is prosecuting his appeal in the supreme court of probate, and she asks for decree as above.

By his answer defendant admits all allegations of the bill, but contends, "that on April 3rd, 1926, being the next day and after said agreement as alleged in the bill was entered into, he gave notice that

he repudiated said agreement, said notice then and there given to the attorney for the plaintiff, that no injury either in law or in equity was then and there done, or could have been done, to the plaintiff by said act of the defendant, and that said notice was given before any payment or tender of payment was made by plaintiff to defendant in performance of said agreement, and therefore defendant says that, in view of the alleged facts, relief does not lie for plaintiff as prayed for in the bill."

Hearing was had and a decree made that defendant should accept the money promised him in settlement of his contest of the will, and for injunction, and from this decree defendant appealed.

· The agreement to withdraw his contest of the will, in consideration of money to be paid him by plaintiff, is not denied, and proof that it was reduced to writing and signed by or for the defendant is not required, for it is alleged in the bill and admitted in the answer. *Douglas* v. *Snow*, 77 Me., 91.

Even if this were not so, and the promise to abandon the contest were in parole only, it has been repeatedly held in courts where the precise point has been raised that specific performance of the oral promise will be enforced. Typical cases are *Bellows* v. *Sowles*, 57 Vt., 164; *Bartlett* v. *Slater*, 182 Mass., 208; *Emerson* v. *Slater*, 22 How. 28.

The contest here hinges on two main questions, namely, the jurisdiction of the court in equity, and whether the agreement not to contest the will is a valid and enforcible contract.

It is urged that jurisdiction is wanting because the bill does not assert absence of "a plain, complete remedy at law"; but omission of this, the jurisdictional clause, is not a defect. *Goodwin* v. *Smith*, 89 Me., 506, Equity Rule IV.

It is further urged that because she does not in her bill "allege facts which clearly show that the plaintiff will suffer substantial and irreparable injury which cannot be adequately remedied at law," this court may not assume jurisdiction. But, from facts in the answer, and from the probate appeal, made one of the exhibits in the case, we learn that if resort can be had to a court of law only, the plaintiff will be put to expense for services of counsel and attendance of witnesses in establishing the will against some or all of the allegations of irregularity and fraud set up in the probate appeal, and, in addi-

tion, we take judicial knowledge of the fact that the outcome of such litigation is never certain.

Plaintiff is the sole beneficiary under the will, so that even if the will is sustained, after contest, she will suffer the loss of all expense of preparation and conduct of the contest, except what are known as legal costs. Hence it is apparent that if her only recourse be to an action at law for damages, she will not be accorded a complete and adequate remedy, but will suffer irreparable loss.

As stated in 21 C. J., 54, "When a legal remedy is available but would afford only partial protection of plaintiff's entire right, or would not entirely adjust the rights of the parties, such remedy is incomplete and inadequate, and for that reason equity will interfere."

Jurisdiction assumed, we proceed to note that courts of equity in modern times have interposed to prevent the violation of agreements relative to matters and proceedings in the probate courts. The citation of innumerable cases to this effect would be but surplusage. Suffice it to state that in Massachusetts, in the cases *Leach* v. *Fobes*, 11 Gray, 506, *Blount* v. *Wheeler*, 199 Mass., 330, *Ellis* v. *Hunt*, 228 Mass., 39, and *Collins* v. *Collins*, 212 Mass., 131, the doctrine that contracts made as to the disposition of property, bequeathed or devised under a will, between legatees, heirs at law and others having a pecuniary interest therein, are recognized as valid and enforcible in equity.

We approve the ruling in *Bright* v. *Chapman,* 105 Me., 62, *McAlpine* v. *McAlpine,* 116 Me., 321, and, following the same line of reasoning a step farther, as expressed in leading opinions of courts of last resort where practically the very question here involved has been maturely considered, we hold that the case at bar, affecting as it does proceedings in probate, is properly brought in equity.

Nay more, compromises are favored in equity, and where a contract, arising in compromise of a claim, has been entered into but not fully executed, where the negotiations are between adults, and all is fair, open and above-board, its provisions may be enforced, and, if the case is a proper one for the exercise of equity jurisdiction, relief may be had in equity by way of specific performance.

This is in accord with the broad principle of equity that what has been agreed to be done shall be considered as done, the court treating the creditor as if he had acted conscientiously and accepted in

satisfaction what he had agreed to accept and what it is his own fault that he had not received. See *Burton* v. *Landon*, 66 Vt., 361; *Boston & Maine R. R.* v. *Union Mut. Fire Ins. Co.*, 83 Vt., 554; *Cook* v. *Richardson*, 178 Mass., 125; *Chicora Fertilizer Co.* v. *Dunan*, 91 Md., 144; 50 L. R. A., 405, *Very* v. *Levy*, 30 How., 345.

The above rule has been applied in practically all courts of the country in what are known as family adjustments of rights to property of a deceased ancestor. "The agreement set out in the bill is of a nature which is entitled to the highest favor at the hands of a court of equity. It is the result of a family compromise of a controversy which had arisen between the heir at law and the devisee of a testator concerning his sanity and free agency at the time of making his last will. Such contracts are not against public policy.

On the contrary, as they contribute to the peace and harmony of families and to the prevention of litigation, they will be supported in equity without inquiry into the adequacy of the consideration on which they are founded."

*Leach* v. *Fobes*, 11 Gray, 506, and cases cited, 15 Ann. Cas., 300.

Lastly, defendant's agreement not further to contest the probate of the will is a valid contract. "The fact that some of the heirs had filed a bill to set aside the will, and that they reasonably believed they had a right to have it set aside, which right they gave up by the contract in question, constitutes a valid consideration for such a contract. The giving up of a contest to a will, begun in good faith or intended in good faith, is a sufficient consideration for a promise to pay money or convey property."

*Cole* v. *Cole*, (1920) 292 Ill., 154, 38 A. L. R., 719   "Courts should, so far as they can do so legally and properly, support agreements which have for their object the amicable settlement of doubtful rights by parties; the consideration for such agreements is not only valuable but highly meritorious."

*Weed* v. *Terry*, 2 Doug. (Mich.) 344; *Leach* v. *Fobes*, 11 Gray, 506; *Seaman* v. *Colley*, 178 Mass., 478; *Blount* v. *Wheeler*, 199 Mass., 330; *Silver* v. *Graves*, 210 Mass., 26; In re Garcelon, 104 Cal., 570, 32 L. R. A., 595; *Grochowski* v. *Grochowski*, 77 Neb., 506, 13 L. R. A. (N. S.) 484, note, citing *Richer* v. *Izer*, 95 Md., 451, 52 A. 592; *Barrett* v. *Carden*, 65 Vt., 431, 26 A. 530; *Gaither* v. *Bland*, 7 Ky., L. R. 518; *Brandenburger* v. *Puller*, (Mo.) 181 S. W., 1141; *Hansbarger* v. *Hansbarger*, (Mich.) 172 N. W., 577.

The decree below for specific performance is in accord with principle, sustained by reason, and in like cases has been enforced in the courts of our sister states. "If the remedy in equity is seen to be fuller or more appropriate, if better adapted in view of the ingredients of the controversy to effectuate justice as between the litigants, and put an end to disputes about the subject of contention, the power over the case ought not to be questioned upon partial views or theories.

It may be safely assumed that a court of equity is as competent to deal with causes as a court of common law, and that the interests of parties will be as carefully guarded by a judge sitting in chancery as they would be if the same judge were sitting on the law side. Where the question is strictly jurisdictional, and where the proof is specifically suited to the arbitrament of a jury, and also in those cases which are susceptible of being fully and justly disposed of in a court of law, and which inveterate usage has assigned to that jurisdiction, we may find reason enough in principle and convenience for adhering to the established course.

But where, as in this state, the same judges hold both courts, there can be no reason for great nicety.

The great purpose is to terminate the whole controversy and reach justice through means the most appropriate. And when the principles of law by which the ordinary courts are guided give rights, but the powers of those courts are not sufficient to afford a complete remedy, or their modes of proceeding are inadequate, it is in general admitted that a court of equity may act.

*Wallace* v. *Harris*, 32 Mich., 380.

*Blount* v. *Wheeler*, 199 Mass., 330.

*Chandler* v. *Pomeroy*, 143 U. S., 318.

Accordingly the entry will be:

> *Appeal dismissed.*
> *Decree affirmed, with costs.*