Milton F. AKERLEY

v.

Jeanne Y. LAMMI.

Supreme Judicial Court of Maine.

March 4, 1966.

David A. Nichols, Camden, for plaintiff.

Joseph B. Campbell, Augusta, Samuel W. Collins, Jr., Rockland, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

MARDEN, Justice.

On appeal from summary judgment. In response to complaint for personal injury, seasonable answer and assignment of the case for trial, counsel, on the day of trial, engaged in an effort to compromise. From this effort an offer of a definite amount of money was made by the defendant, which plaintiff's counsel transmitted to his client, who was "inclined" to accept it. Defense counsel forthwith prepared a release for the signature of the plaintiff *and his wife*, delivered it to plaintiff's counsel, who submitted it to plaintiff and his wife. Plaintiff signed the release, his wife refused to do so. Plaintiff lost his inclination to ac-

cept the settlement and destroyed the release.

The case was restored to the trial list at the next term of court at which time defendant amended his answer to plead the alleged agreement to settle, alleging it as a substitution for and an extinguishment of plaintiff's cause, and offered to deposit the negotiated sum in court. Within the supporting affidavit, defendant expressed willingness to accept plaintiff's release without the wife's joinder. Defendant further amended his answer by inserting a counterclaim based upon the alleged compromise agreement as a contract substituted for plaintiff's claim and requested that the plaintiff be enjoined from further prosecuting his claim, and seeking specific performance of the compromise.

To defendant's counter-claim, plaintiff answered and filed motion for summary judgment on the counter-claim, which motion was granted. Defendant appealed.

The facts come from the affidavits executed by defense counsel in support of his motion to first amend his answer pleading the substituted contract and executed by plaintiff in support of his motion for summary judgment. By stipulation the chronology of these filings is not pertinent. No technical objections are raised as to the form of the affidavits.

The ultimate legal positions advanced by the parties are founded upon the law of "accord and satisfaction" and "substituted contract" respectively.

The preliminary question, which is the issue here, is the validity of the summary judgment, which in turn depends upon the application of Rule 56 M.R.C.P. This rule, (c), provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, "show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

"The party seeking the summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. Any doubt on this score will be resolved against him and the opposing party will be given the benefit of any inferences which might reasonably be drawn from the evidence." Maine Civil Practice, Field and McKusick § 56.4.

■ Whether the efforts at compromise resulted either in an accord which was unsatisfied or a contract substituted for the plaintiff's claim, we test first the existence of an agreement (accord) which might be the basis of subsequent satisfaction,—an executory accord—or an agreement which might be a substituted contract. In this respect we are talking about the same thing.

"The statement of Blackstone that an 'accord is a satisfaction agreed upon between the party injuring and the party injured' has been frequently approved by the courts as a satisfactory definition, but an accord and satisfaction may more properly be said to be a method of * * * settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof and the execution of such substituted agreement.

"* * * The accord is the agreement and the satisfaction is the execution or performance of such agreement." 1 Am.Jur.2d., Accord and Satisfaction § 1.

"The accord is the agreement for the reception of the thing in discharge of the debt; the satisfaction is the actual reception of the thing." Burgess v. Denison Paper Manufacturing Company, 79 Me. 266, 267, 9 A. 726, 727.

Assuming an accord, admittedly there was no satisfaction. If there were an accord, was it an agreement intended only to be a feature of accord and satisfaction, was it

an agreement encompassing and in substitution for the plaintiff's claim, or was it only negotiation which contemplated the execution of a written contract, here a release, in consummation of the negotiations?

 In this connection we are, obviously, dealing with the law of contracts, and no citation of authority is necessary to establish that the formation of a contract requires a meeting of the minds of the parties. Whether the minds of the parties met is a jury question.

The affidavits establish that at one point in the negotiation plaintiff was willing to accept the offer made him as evidenced by his signing the release. There is nothing to indicate that the plaintiff's wife was an assenting party to the proposal, or was ever "inclined" to approve the offer. When the release was submitted for the plaintiff to sign, it became apparent that his wife's signature was also desired. She refused to sign, and only after this refusal did the defendant express a willingness to accept the release without her signature. There is no allegation of a meeting of the minds of the plaintiff, his wife and the defendant on the compromise offer. As was said in Harmon v. Roessel, 153 Me. 296, 300, 137 A.2d 374, 376:

> "* * * we look in vain to find in it evidence of a contract *completed*;—a proposition by one party accepted without modification, by the other." Jenness v. Mount Hope Iron Company, 53 Me. 20, 22.

 At this point in our consideration it is necessary to know whether the plaintiff's change of mind was occasioned by defendant's request for his wife's signature and his wife's refusal, or whether he experienced his change of mind without regard to that request. If his "inclination" to accept the offer and his signature upon the release intentionally remained after the necessity of the wife's signature was obviated, a jury could infer that *his* agreement to so settle was confirmed. In this area there were unresolved questions of fact and until resolved to show the plaintiff's entitlement to judgment as a matter of law, which resolution was plaintiff's burden, he was not entitled to summary judgment.

Additionally it must be noted that assuming an agreement (accord, contract) was reached relative to a settlement, it becomes necessary to know whether it was an "executory accord" or a "substituted contract" because the position of the parties between the two legal postures may well differ.

Without discussing this difference exhaustively, it is sufficient here to say that the right of the defendant to procure specific performance may well rest upon the existence of an "executory accord" as distinguished from a "substituted contract"; and the right of the defendant to plead at law the agreement in bar of further prosecution of the plaintiff's claim may well rest upon its being a substituted contract.[1] We are not here occasioned to establish that point, nor do we intend to intimate our law on such a situation.

 Whether the result of negotiations was an "executory accord" or a "substituted contract" turns on the intention of the parties. 15 Am.Jur., 2d. Compromise and Settlement § 20; United Nations Korean Reconstruction Agency v. Glass Production Methods, Inc., 291 F.2d 168, [5, 6] 172 (2 CCA 1961); Taft v. Valley Oil Co., Inc., 126 Conn. 154, 9 A.2d 822, [4–8] 825 (1939). Whether the negotiations contemplated a

---

1. See generally Annot., Specific performance of compromise and settlement agreement 48 A.L.R.2d 1211 et seq.; Annot., Remedies for breach of valid accord or compromise agreement involving disputed or unliquidated claim 94 A.L.R.2d 504 et seq. See also Restatement, Contracts §§ 417, 419. Maine has ordered specific performance of an agreement in compromise of a dispute over the allowance of a will. Benner v. Lunt, 126 Me. 167, 136 A. 814.

written instrument in consummation of the agreement or a writing only as a memorial of a completed contract is a matter of intent. Clements v. Murphy, 125 Me. 105, 106, 131 A. 136. Where intent is an undetermined element in the case it is a jury question. Levine v. Reynolds, 143 Me. 15, 20, 54 A.2d 514; Todd, Jr. v. Whitney, 27 Me. 480, 487; Bell v. Doyle, 119 Me. 383, 387, 111 A. 513; and Wiggin v. Sanborn, 161 Me. 175, 178, 210 A.2d 38.

The intent of the parties as to the nature of the agreement reached is an issue of fact, which likewise removes the case from exposure to summary judgment.

Appeal sustained.