WINDSOR,
*February,*
1832.
———

## MOSES BRYANT vs. GEORGE L. GALE.

Although an accord without a satisfaction is no bar to an action, yet a con-tract under seal between the maker and payee of a promissory note, by which one covenants to deliver and the other to receive certain property in payment of the note, gives to the latter a new remedy upon a valid contract, and is a bar to an action on the note.

This was an action of *assumpsit*, containing several counts, to which several pleas were filed, and among others the following :

The said Gale says, that the said Bryant, from having and maintaining his action thereof against him, ought to barred ; because he says, that by a certain covenant or a-greement in writing, signed by the said Moses Bryant, and by the said Gale, and sealed with their seals, and duly de-livered on the day of the date thereof, and dated the 17th day of November, 1828, it was mutually agreed by and be-tween the said Moses Bryant and the said George L. Gale, that the said George L. Gale should, on or before the first Tuesday in December, then next, deliver to the said Moses Bryant a certain horse, called the John Hatch horse, sound, and in as good condition as when the said Bryant saw him at Chelsea, in full satisfaction of the said several promises in the declaration of said Moses Bryant mentioned, and in full satisfaction of all damages sustained by reason of the non-performance of the said several promises, and of all costs in the said action, and that the said Moses Bryant should accept the said horse if delivered to him before the said first Tuesday in December aforesaid, in full satisfac-tion of the said several promises, and of all damages occa-sioned by reason of the non-performance of the said seve-ral promises, and of all costs which had accrued in the said suit; and that on such delivery of the said horse, the said Moses should give up to the said George the said notes to be cancelled, and that the said suit should be no further prosecuted ; and that in case said Gale did not deliver said

WINDSOR,
*February,*
1832.

Bryant
*vs.*
Gale.

horse to said Bryant, by said first Tuesday in December then next, that said suit should not be withdrawn, but should be entered and stand for trial at the said Court, as by the covenant and agreement now here ready in Court to be shown appears: and the said George L. Gale avers, that before the said first Tuesday, viz. on the 25th day of November aforesaid, at said Plainfield, he, the said George L. Gale, did offer to deliver and tender to the said Moses Bryant the said horse, sound, and in as good condition as when said Bryant saw him in Chelsea, & the said Moses Bryant did then & there neglect and refuse to receive the said horse : all which the said George L. Gale is ready to verify.—Wherefore, he prays judgement of the Court here, whether the said Moses Bryant, from having and maintaining his said action thereof against him, ought not to be barred, and for his costs.

To this plea the plaintiff demurred, and the defendant joined in demurrer. The County Court adjudged the plea insufficient ; from which judgement the defendant appealed to the Supreme Court.

*Leland & Collamer, for plaintiff,* cited 1 Bac. Ab. 44.—Story's Pl. 175 (notes.)—1 Ld. Ray. 122.—5 John. R. 386, *Watkinson* vs. *Inglesby.*—2 Chit. Plea. 434.—5 T. R. 513-141.—3 John. R. 243-4-5-6-7-8.—2 H. Black. 318. —Cro. Car. 193.

From the review of all the authorities, it is clear,

1st, That an *accord*, as a substitute for a prior contract, to be performed at a future day, is no bar till *executed.*

2d, That it must be in full satisfaction, and so received by the party, or plaintiff, or it is no bar ; but a *nudum pactum.*

3d, That an accord must be complete, affording mutual remedies on such agreement, or it is no bar, and is without consideration and void.

4th, That it must appear to the Court, when such agreement is pleaded in bar, that an action will lie thereupon for the plaintiff ; for the defendant shall not take away the plaintiff's present action and not give him another upon the agreement pleaded.

5th, That there must be an acceptance of the thing

WINDSOR,
February,
1832.

Bryant
vs.
Gale.

stipulated to be done, or it is no satisfaction, and cannot be pleaded as such.

6th, That the thing to be performed at a day to come, a tender and refusal is *not sufficient without an actual satisfaction and acceptance.*

7th, That a plea of collateral matter on a substituted agreement must allege a full satisfaction, or it is defective in point of form.

8th, If the agreement is relied upon as a satisfaction of the prior debt, then the pleadings are defective for the want of such an allegation; but if the agreement is relied upon as not being complete, but depending upon some future acts of the parties, then it is simply an accord without satisfaction, which is equally bad.

There is evidently a distinction in the books between contracts for the delivery of specific articles, and an agreement in satisfaction of a prior contract.

1st. The former being for the payment of specific articles, a tender according to the terms of such contract, and a refusal, may operate as a discharge of such contract. But

2d. The latter being for a contract, which is perfect & complete, the substitution must be equally so, and in full satisfaction, and so accepted by the party; for the law will consider the substitute as perfect and certain as the original contract, and with as perfect and complete remedies for the parties, or it can be no bar.

*Marsh & Hubbard, for defendant.*—The question arising upon this record is whether a bond or contract under seal, for the delivery of a certain horse, and a tender of the horse, according to the terms of the said contract, is a discharge of a precedent simple contract.

1st. It is objected that this is an accord, which is not a discharge without satisfaction. And it is admitted that a mere accord without satisfaction, is not good; but it is because such a contract is *nudum pactum.* But if made on *good consideration,* the contract substituted, if accepted in discharge, is binding, and a discharge, without its being executed.—1 Ld. Ray. 122.—Cro. Eliz. 304, 305.—2 Henry Black. 317.—*Fitch* vs. *Sutton,* 5 East. 230.—*Harrison* vs.

*Close & Wilson*, 2 John. Rep. 448.—-Wheaton 1049.
—1 Dane's Abr. 139, Sec. 5.—*Pennel's* case, 5 Coke,
117.—Bac. Ab. 1 vol. 41 and *n.*—1 Stra. 426.—*Blythe*
vs. *Hill*, 1 Mod. 225.—1 Com. Dig. 134, (B. 4,) p.
135. —— vs. *Gale.*—Plowden, 5, 6, 11.— *Case* vs. *Bar-
ber*, T. Ray. 450.—*Heathwate et al.* vs. *Crookshanks*, 2 T.
Rep. 24.—*Drake* vs. *Mitchell et al*, 3 East. 231, *Seymour* vs.
*Minturn*, 17 John. Rep. 169.—*James* vs. *David*, 5 T. Rep.
141.—*Wilkinson* vs. *Inglesby & Stokes*, 5 John Rep. 386,
391, 392.—*Grant et al.* vs. *Shaw*, 16 Mass. Rep. 314.—*Boyd*
vs. *Suydam*, 20 John. 76, 78.— *Coit & Woolsey* vs. *Houston*.
3 John. Ca. 243-5-6-9.—16 John. Rep. 86–8.—*Steinman
et al.* vs. *Magnus*, 2 Camp. Rep. 124.—11 East. 390.—
*Bradley* vs. *Gregory*, 2 Campbell, 383.—5 T. Rep. 513,
517.—1 John. Rep. 34, 37.—1 Bos. & Pul. 289.— 1 Esp.
Ca. 135.

2d. When the debt substituted is of a higher nature, the
former debt is extinguished.—5 East. 259.—1 Bac. Pl. 9.—
1 Bay. 491. See Powell on Contracts, 332-3.

3d. A tender or offer to pay or deliver a specific arti-
cle, is a discharge of the contract to deliver.—Chip. on
Cont. 113.—D. Chip. Rep. 399.—8 John Rep. 474.—2
John Ca. 411.—Day. R. 684, 695.—1 Wils. 117.—1 Salk.
112.—3 Br. Rep. 1663.—3 John. Ca. 243.

4th. And in all cases, if the defence accrue after the
commencement of the suit, it may be plead, *puis darrien
continuance.*—5 John. Rep. 268, 386 —7 John. Rep. 401.

The opinion of the Court was pronounced by

Phelps, J.—The plaintiff's counsel have treated this
defence as an instance of accord without satisfaction. If
they are correct in this, there is no difficulty in the case.
There is no doubt that an accord without satisfaction is no
bar to the action, and that an accord with tender of satis-
faction unaccepted, is no better. The main question in
the case however, is, whether this is to be regarded as a
case of accord merely, or as an instance of a new and su-
perior contract, superceding and extinguishing the old
one.

Great industry has been exerted in examining and pre-
senting the authorities which really do, or are supposed to

WINDSOR,
February,
1832.

Bryant
vs.
Gale.

bear upon the subject; but it is not necessary to comment particularly upon the cases cited. *The reason of the sale* upon which the plaintiff relies is obvious. An *accord* without *satisfaction* is no bar, simply because there is no consideration and no mutuality to support it; because the creditor has no means of obtaining satisfaction by enforcing it, and of course derives no satisfation directly nor indirectly from it. The authorities all put the subject upon this ground. The want of consideration not only appears, but is assigned as the ground of decision.

Much stress has been laid upon the necessity of mutuality in a contract. This term is often used in the books in connexion with 'consideration.' It is difficult, however, to find any distinction in their import. It would be difficult to find any case, where a consideration exists in which there is no mutuality, or a case of mutual legal obligation without a consideration. The terms when applied to this subject are synonymous; the mutuality sometimes arising from a consideration, as in the case of a consideration executed, and the consideration sometimes consisting of mutual obligation, as in case of a contract on both sides executory. If by mutuality is intended a mutual prospective obligation, or mutual remedy, the law does not, in all cases, require it as essential to a contract; although in many cases, like the one in question, the consideration depends upon this mutual obligation—the contract being purely executory.

It is to be observed, that the contract set forth in the defendant's plea is a contract *under seal.* This circumstance supercedes all enquiry into the consideration: The seal imports one. It is necessary neither to allege nor prove it. Moreover, if mutuality be essential, it is sufficient that both parties have bound themselves in express terms under seal—the one to deliver, and the other to receive the horse; and no reason can be assigned, why the contract could not be enforced by either.

It will be seen therefore, that in the first place, there is a consideration, the seal importing one, and the mutual liability of the parties upon their covenant constituting of itself a consideration; in the second place, there is a mutuality----both parties being absolutely and equally

WINDSOR,
February,
1832.

Bryant
vs.
Gale.

bound. And lastly, that the plaintiff has a full and ample remedy upon the contract pleaded in bar.

This brings the case within the rule laid down in Plowden 5, and 3 John. Cas. 342, that, whenever the new agreement furnishes an adequate remedy to the party, it may be pleaded in bar of the former. Indeed, the cases cited by the plaintiff, go expressly upon the ground that the creditor could not enforce the accord, and of course it could be no bar to his action.

The result is, that neither the sale relied on by the plaintiff, nor the cases cited by him, are applicable here ; as neither the reason of the *one*, nor the grounds upon which the *others* were decided, exist in this case.

It may be added, that the term 'accord,' in its strict technical sense, has no applicability to an instrument under seal. It is used to denote an agreement without consideration,—the consent of two parties not ripened into a contract. It is never used with reference to a contract like the one in question; nor can it be, with propriety. Further it is not to be denied, that a tender of the horse by the defendant was all that could be required of him ; and that such a tender, if the contract is binding, is equivalent to performance.

It is argued however, that the defendant's remedy is by suit on his contract to recover damages for the plaintiff's refusal to receive the horse. This argument concedes the whole case ; for if either party can sustain an action on the contract, doubtless both can. But suppose the defendant adopts this remedy ; what should be his rule of damages? The agreement of the plaintiff is to receive the horse in full satisfaction of his notes. The rule of damages would be the amount of the notes.—He would be entitled to be placed in the same situation as if the horse had been received—See *Ferris* vs. *Barlow*, 2 Aik. 106. This being the case, he would be entitled, to prevent circuity of action, to plead the agreement in bar. Some stress is laid upon the stipulation, that if the horse were not delivered, the suit should go on. This stipulation merely furnished the plaintiff an additional security for the performance of the contract—giving him an election if not performed, to sue upon it, or prosecute his suit. The stipulation is mere-

ly collateral to the contract. But it is difficult to attach any importance to this stipulation, since the contract *was* performed. It certainly affords no reason why the defendant, having performed, is not entitled to the full benefit of the contract. Indeed, it of itself furnishes sufficient evidence of the intention of the parties, that if the contract were performed, the suit was not to proceed.

Finally, the contract set forth in the plea, was a substitute for the original one, and operated to extinguish it, except in a certain contingency. The intention of the parties, that if performed, it should satisfy the cause of action, is apparent. The defendant has done all in his power to perform, and, unless the plaintiff can make out, that notwithstanding his covenant, he was at liberty to treat the contract as a nullity, and refuse to receive the horse, he must submit to the result, that it is in the eye of the law performed, and his debt consequently satisfied.

Judgement of the County Court reversed, and

Judgement for defendant.