## CHARLES H. RISING *v.* ADA V. CUMMINGS.

### *Contract. Novation.*

C. purchased the defendant's millinery goods, and in part consideration thereof, agreed to pay the defendant's debt to the plaintiff. C. thereupon wrote the plaintiff that her husband *proposed* to give his note on six months for said debt, and the plaintiff replied, *accepting the proposition.* The note was never given, but C. made remittances to the plaintiff from time to time, to apply on said debt. *Held,* a mere accord, and that the defendant was not thereby discharged from the balance of the debt.

Waiver of a promise to pay the debt of another that is without consideration and within the Statute of Frauds, or refusal to receive such payment, does not discharge the original debtor.

BOOK ACCOUNT. The court, at the September term, 1874, ROYCE, J., presiding, rendered judgment on the report for the plaintiff, for $2.59 damages; to which the defendant excepted. The case appears from the opinion.

*Fitch & Newton,* for the defendant, cited Chit. Cont. (10th Am. ed.) 140–147, and notes, and 807; *Downer* v. *Sinclair et al.* 15 Vt. 495; *Babcock et al.* v. *Hawkins,* 23 Vt. 561; *Williams* v. *Little & Co.* 35 Vt. 323; *Heaton* v. *Angier,* 7 N. H. 397; *Crocker* v. *Whitney,* 10 Mass. 316, 322.

*C. G. Austin* and *H. S. Royce,* for the plaintiff, cited *Butterfield* v. *Hartshorn,* 7 N. H. 348; *Warren* v. *Batchelder,* 15 N. H. 129, 136; *Goodrich et al.* v. *Stanley,* 24 Conn. 614, 622; *Wharton* v. *Walker,* 4 B. & C. 163; 1 M. & W. 124; *Arnold* v. *Camp,* 12 Johns. 409; 21 Wend. 450; 15 Ill. 34; 1 Parsons Cont. 221.

44

The opinion of the court was delivered by

REDFIELD,·J.   Mrs. O. S. Cummings purchased the defendant's goods in her milliner's shop, and, in part consideration therefor, promised to pay this debt to the plaintiff.   Such agreement could only be enforced at law, by action in the name of the defendant. The plaintiff was made aware of this trade, and agreed with Mrs. Cummings that he would take her husband's note for the defendant's debt, on six months.   No note was ever given ; but Mrs. Cummings made remittances to the plaintiff from time to time to be applied on this debt, until the balance remaining unpaid was $2.59, and for this sum the judgment below was rendered.   The defendant claims that Mr. O. S. Cummings had assumed this debt and become the substitute debtor in the place of the defendant, and that she was thereby discharged.   The evidence in the case shows only that Mrs. Cummings wrote to the plaintiff, that her husband proposed to give his note on six months for the debt ; and the plaintiff wrote back to Mrs. Cummings, " accepting the proposition."   Assuming that Mrs. Cummings had authority to make the proposition for and in behalf of her husband, it could not be claimed that a proposition to furnish a specific security in payment of the debt of another, which was never furnished, could, of itself, operate to pay and extinguish the debt.   Mr. Cummings never proposed to become liable to pay this debt, otherwise than by note of specific character.   He never became liable by note, for he never gave any.   And if Cummings never became liable to the plaintiff for this debt, we do not see how·it can be, with propriety, claimed that the defendant was discharged.   It was a mere *accord*—an unexecuted agreement.

II.   It is claimed that the plaintiff *waived* the execution of the note.   There is no evidence that Cummings ever promised or intimated that he would assume and pay this debt in any other form or manner ; and as this has not been done, there then has been no undertaking or promise to pay this debt on the part of Cummings.   And a naked promise, if one had been made, without an executed substitution of Cummings as the debtor in the place of the defendant, would be without consideration, and within the

Rising *v.* Cummings.

Statute of Frauds. So, if the plaintiff had waived or refused to receive the note, the defendant would continue to be the debtor. But we do not understand that the expression in the report, " and thereby waived the note," was intended to have other meaning than that the plaintiff having received the money nearly sufficient to pay the debt, thereby and to that extent, waived the note as the means whereby the debt was to be secured.

Judgment affirmed.