## E. E. WELCH *vs.* C. F. MILLER.

### May Term, 1897.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Lease of Homestead by Husband Alone—Liability on Covenant—Agreement to Arbitrate No Bar.*

A lease of a homestead and personal property by the husband alone is admissible in evidence at least so far as relates to the personalty.

Even if the lease was inoperative for want of the signature of the wife the husband might be liable upon a covenant therein for quiet occupation.

A lease by the husband alone of the homestead for the period of one year, to begin at a future day, is not necessarily an illegal undertaking, for it may have been entered into with the expectation that the wife would consent, or that another homestead would be acquired.

An agreement to arbitrate is no bar to an action for the original cause. It is an accord without satisfaction.

COVENANT. Plea, the general issue with notice. Trial by jury at the February Term, 1897, Orleans County, *Taft,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*A. D. Bates* and *W. W. Miles* for the defendant.

*J. W. Redmond* and *E. A. Cook* for the plaintiff.

START, J. This is an action for breach of covenant. It appeared that the defendant leased his homestead and certain personal property to the plaintiff for one year. The defendant objected to the admission of the lease because it was not signed by his wife; and, at the close of the evidence, moved that the court order a verdict for him for the same reason. The defendant's counsel insists that the lease was voidable under V. S. 2189, which provides that no homestead, nor an interest therein, shall be conveyed by the owner thereof, if a married man, unless the wife joins in such conveyance.

Assuming that the lease was voidable as to the homestead, it was valid as to the personal property, and was admissible in evidence; and the defendant's motion for a verdict was properly denied. Also, the defendant's covenant, that the plaintiff should quietly occupy the premises during the term, was valid and binding upon the defendant, notwithstanding the lease was inoperative to convey any interest in the premises. He was under no disability that would exempt him from liability on his covenant, if he was unable to keep it, or chose not to do so.

The lease was executed in August, 1895, and the term was to commence February 1, 1896; and the covenant was, that the plaintiff should quietly enjoy the premises for the term of one year. The covenant may have been entered into with the expectation that the wife would consent to the plaintiff's occupancy, or with the intention of acquiring another homestead before the time for the performance of the covenant arrived, or under a belief that he could lawfully lease the premises without his wife's consent. There is nothing in the record that shows that the defendant contemplated doing an unlawful act. The covenant was, that the plaintiff should have the occupancy of the premises at a future day. This was not an illegal undertaking. He could covenant that the plaintiff should have quiet enjoyment of the premises at a future day; and, if, when the time of performance arrived, he could not give lawful possession, or preferred not to do so, and did not, there is no good reason why he should not be liable in damages for the breach of his covenant.

In *Brewer* v. *Wall*, 23 Texas 585: 76 Am. Dec. 76, it is held that a husband's bond to convey title to the family homestead at a future day is valid, and that damages are recoverable for a breach of its condition.

The plaintiff's evidence tended to show, that, after the making of the lease, on the 18th day of January, 1896, the defendant told him he could not let him have the place; but

that the plaintiff went to the premises the day his term was to commence for the purpose of taking possession, and the defendant refused to give him possession. The testimony of the defendant tended to show, that, on the day the term was to commence, he was ready and willing to let the plaintiff have possession of the premises, but that the plaintiff would not take possession. The defendant requested the court to charge the jury, that, if, on the 1st day of February, 1896, the parties agreed that the plaintiff was not to have possession and that they were to submit the matter of damages to arbitration, it became a new trade; and the plaintiff could not recover on the lease. The court told the jury that, if the plaintiff could have had possession of the premises but did not take it, did not want it, or, for any reason, would not take possession, he was not entitled to recover. This instruction was all that the defendant was entitled to on this branch of the case. The evidence did not tend to show that the parties mutually agreed that the plaintiff should not take possession of the premises, nor did the defendant's evidence tend to show that he agreed to arbitrate the plaintiff's claim for damages. The plaintiff's evidence tended to show, that, after the defendant refused to give him possession of the premises, there was talk about leaving the question of damages to two men; but this was not done, and the agreement, if there was one, to submit the matter to two men is not a bar to this action. Such an agreement would be an accord without satisfaction. *Cutler* v. *Smith & Robbins*, 43 Vt. 577; *Rising* v. *Cummings*, 47 Vt. 345.

*Judgment affirmed.*