PRUCIUS W. MANLEY *v.* VERMONT MUTUAL FIRE INSURANCE COMPANY.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, HASELTON, and POWERS, JJ.

Opinion filed February 2, 1906.

*Fire Insurance—Contract Adjusting Undisputed Loss—Accord and Satisfaction—Consideration—Promise to Perform Existing Obligation.*

An unexecuted accord is no bar to an action on the original contract. Where a creditor accepts in satisfaction of his debt the mere promise of the debtor to do some act which he is not already legally bound to perform, that promise, though never fulfilled, constitutes an executed accord, and extinguishes the debt.

But a promise to perform the promisor's subsisting legal contract with the promisee, affords no consideration · for the latter's promise, creates no duty, and cannot support an action.

'On July 13, and' while a fire insurance policy issued by defendant to plaintiff was in force, the property thereby insured was entirely destroyed by fire. The next day plaintiff met defendant's adjuster, and, without any controversy arising either as to the amount of the loss or defendant's liability therefor, made out a sworn proof of loss showing items of damage aggregating $500.37, to which was appended an agreement, signed by plaintiff, that if defendant should "allow the sum of $500.37 on this claim, it shall be accepted by the undersigned as a full, final adjustment of the same," payable at the time and in the manner specified in the policy for the payment of any loss thereunder. About August 4, plaintiff received a letter from defendant, enclosing a receipt for him to sign, and informing him that defendant's directors had allowed said sum, and that defendant's check would be forwarded to him upon the return of said receipt properly signed; whereupon he signed and returned the receipt. Later plaintiff filed with defendant an additional proof of loss purporting to cover property omitted from the original proof by mistake, refused to accept $500.37 in settlement, and brought suit on the policy. *Held,* that said agreement is a mere accord executory, and does not bar an action on the policy; that as there was no dispute, said agreement was not a compromise; and that, as by said agreement plaintiff agreed to accept what he was already bound to accept, and defendant merely agreed to pay what it was already bound to pay, both at the time and in the manner specified in the policy, there was no consideration for said adjustment agreement.

ASSUMPSIT on a fire insurance policy. Plea, the general issue with notice of the tender and of the other special matter mentioned in the opinion. Trial by jury at the September Term, 1904, Windsor County, *Watson,* J., presiding. Verdict ordered for the defendant to recover its costs since the time of the tender; and judgment thereon. The plaintiff excepted. The opinion fully states the case.

*F. D. E. Stowe* for the plaintiff.

The adjustment contract always remained executory. Such a contract must be fully performed in order to bar an action on the policy. *Smith* v. *Ins. Co.,* 62 N. Y. 85; Clement Fire Ins. Rule 7, p. 49; Rule 8, p. 50; *Platt* v. *Ins. Co.,* 62 Vt. 170; 7 Am. & Eng. Enc. 1046.

*E. L. Waterman, J. L. Martin,* and *E. W. Gibson,* for the defendant.

The acceptance on the part of the defendant company was absolute and identical with the terms of the offer. The transaction has all the elements of a binding contract. The company did all it could to carry out the agreement. Clark, Contracts, 42; Anson, Contracts, 3 and 5; *Abbott* v. *Shepard,* 48 N. H. 14; *Tayloe* v. *Ins. Co.,* 50 U. S. 300.

Adjustments and settlements between the assured and the insurance company, when fully performed, have all the elements and properties of a contract, and in the absence of fraud are as incapable of rescission as any other contract. Clement, Fire Ins. 50; *Mahew* v. *Ins. Co.,* 33 Mich. 105; May, Ins., 2nd ed. §53.

Where proofs of loss have been accepted, and the amount of loss agreed upon, the adjustment is final, and suit cannot then be maintained upon the policy merely because of an alleged error in the original proof of loss. *Montgomery* v. *Ricker,* 43 Vt. 165; *Saville* v. *Ins. Co.,* 3 L. R. A. 542; *Campbell* v. *Ins. Co.,* 10 Allen 213; *Platt, Assignee,* v. *Ins. Co.,* 62 Vt. 166.

POWERS, J. The plaintiff took out a fire insurance policy in the defendant company covering certain property in Dummerston, on the 13th day of July, 1902. During the life of the policy, the property was totally destroyed by fire. The next day the plaintiff gave the company's agent at Brattleboro

notice of the fire, and, with the assistance of the defendant's regular adjuster, who happened to be in the vicinity, made out on blanks furnished by the adjuster a sworn proof of loss in due form showing, among other things, four items of damage aggregating, according to the plaintiff's valuation, $500.37, to which was appended the following statement signed by the plaintiff: "It is hereby agreed that if the said company [defendant] allow the sum of $500.37 on this claim it shall be accepted by the undersigned as a full, final adjustment of the same. Payment to be made agreeable to the rules and regulations, and in accordance with the act of incorporation and by-laws of said company. The amount allowed to be cancelled from the policy." No question, controversy or dispute arose between the adjuster and the plaintiff as to the company's liability for the loss or the amount of damage suffered by the plaintiff as shown by the proof of loss, nor has the company since questioned its liability for that amount. On the 4th day of August, 1902, the defendant mailed to the plaintiff a notice that the directors had allowed the sum stated, enclosing a receipt in full for him to execute and return, and informing him that the company's check would be forwarded to him upon the return of such receipt properly executed, which notice was received by the plaintiff in due course of mail. It was claimed at the trial below by the defendant's counsel that this receipt was signed by the plaintiff and returned to the company, agreeably to such notice, and as this was not denied and was apparently treated by the court as a concession of fact, we so regard it, though no evidence concerning the receipt was received.

It was alleged in the defendant's notice of special matter filed with the general issue that on the 8th day of September, 1902, the defendant mailed to the plaintiff its check for the amount called for by the proof of loss, which the plaintiff claimed was never received by him; and that on the 17th day

of October, 1902, the defendant executed another check for the same amount and offered it to the plaintiff with interest from the date the loss became payable, which the plaintiff declined. Allusion was made to these checks by the defendant's counsel in the trial below, but the plaintiff's counsel expressly denied that the check was ever tendered to the plaintiff, and no proof was made concerning either of them, so we do not regard them as in the case.

On the 27th day of December, 1902, the plaintiff filed with the company an additional proof of loss purporting to cover articles of personal property not included in the original proof and omitted therefrom by mistake.

Payment of this loss became due according to the rules and charter of the company, October 14, 1902. This suit was brought January 17, 1903, and on August 6, 1903, a tender of the amount called for by the original proof of loss, with interest and costs to that date, was duly made by the defendant, and the same kept good as required by law.

On these facts, the trial court held the agreement of July 14, above recited, to be binding upon the plaintiff and ordered a verdict for the defendant to recover its costs accruing after the tender.

It is a familiar rule that an unexecuted accord is no bar to an action on the original undertaking. *Bryant* v. *Gale,* 5 Vt. 416; *Rising* v. *Cummings,* 47 Vt. 345; *Welch* v. *Miller,* 70 Vt. 108; *Gowing* v. *Thomas,* 67 N. H. 399. The agreement here relied upon is an accord executory, unless the plaintiff accepted the defendant's *promise* to pay (treating the notice of August 4 as such) in satisfaction of his claim. For, while the general rule is as just stated, that the accord must be executed in order to discharge the obligation, it is equally well settled that when the creditor accepts the mere promise of his debtor to perform some act in the future in satisfaction of the

debt, the mere promise itself, without performance, is sufficient to extinguish the debt. *Hard* v. *Burton,* 62 Vt. at p. 322; *Gowing* v. *Thomas, supra;* note to *Harrison* v. *Henderson,* (Kan.) 100 Am. St. Rep. at p. 438. To have this effect, however, the new promise must be one legally binding, operating to extinguish the existing claim, which can be enforced in substitution therefor. An essential element of such an agreement—like any other contract—is a legally sufficient consideration. But if one promises to do what he is already legally bound to do, the promise is nude; it creates no new duty and cannot support an action; nor does it afford a consideration for a promise by the other party. *Wheeler* v. *Wheeler,* 11 Vt. 60; *Cobb* v. *Cowdery,* 40 Vt. 25; see, also, *Chase* v. *Soule,* 76 Vt. at bottom of p. 357. Of this character is the agreement in question. As the matter stood at the time it was entered into, the defendant owed the plaintiff $500.37, the sum specified therein, payable in ninety days thereafter. So the plaintiff agreed to accept just what he was bound to accept, and the company agreed to pay just what it was bound to pay,—both at the time and in the manner specified in the original contract. Neither yielded anything; neither gained anything. The new agreement resulted in no advantage to the one or detriment to the other. It was not a compromise as was the case in *Insurance Co.* v. *Chestnut,* 50 Ill. 111, for there was no disagreement and hence there was nothing to compromise. *Insurance Co.* v. *Sweetser,* 116 Ind. 370.

The adjustment agreement was without consideration and revocable by either party to it at any time before full performance. It was a mere accord without satisfaction, and does not bar an action on the policy. *Vining* v. *Insurance Co.,* 89 Mo. App. 311; *Giboney* v. *Insurance Co.,* 48 Mo. App. 185. The question here decided was not considered in *Powers* v. *Insur-*

*ance Co.,* 68 Vt. 390. That case was argued and determined without allusion to the validity of the partial adjustment.

　*Judgment reversed and cause remanded.*