BOSTON & MAINE RAILROAD *v.* UNION MUTUAL FIRE INSURANCE COMPANY.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 11, 1910.

*Equity—Adequate Remedy at Law—Insurance—Contract in Settlement of Disputed Claims—Construction—Specific Performance.*

A bill in equity showed that an insured, whose property was destroyed by fire, held seven policies of insurance thereon severally issued by defendant and six other insurance companies; that defendant and each of the other insurers adjusted and paid its share of the loss; that the insured claimed that the fire was set by orator's locomotive, that the loss exceeded the insurance by $8,200, and that orator was liable to the insured for this excess; that the insurers claimed that orator was liable to them severally for the amount of the in-

surance they had respectively paid; that orator denied all liability for the loss; that thereupon, for the purpose of avoiding litigation, compromising the controversy, and settling and discharging all claims that the insured, the insurers, and each of them, had against the orator, they all entered into an agreement, in consideration of mutual promises, whereby orator was to bear one-half, and the insured and the insurers the other half, of said loss, and to that end, orator was to pay to each of the insurers one-half the amount of the insurance by it paid the insured, and pay the insured one-half the amount of its loss in excess of the insurance received, and the insured and the insurers, including defendant, severally promised to accept those amounts in full satisfaction and discharge of their respective claims against orator, and to deliver it duly executed discharges to that effect; that, relying upon the terms of this agreement, it was fulfilled by all the parties thereto except defendant, who thereafter repudiated it, refused the agreed sum tendered it by orator, and brought a suit at law against orator, seeking to recover the full amount of the insurance paid by defendant. *Held*, on demurrer to the bill, that it showed defendant's agreement to be a mere executory accord, which would be no defence to the action at law; and that equity will decree specific performance of that agreement, and perpetually enjoin the further prosecution of the suit at law.

APPEAL IN CHANCERY.    Heard on demurrer to the bill at the March Term, 1910, Washington County, *Butler*, Chancellor. Demurrer sustained; bill adjudged insufficient and dismissed. The orator appealed.

It appears that six insurance companies besides the defendant had policies of insurance on the destroyed property, and were parties to the agreement in question, which is thus set out in the bill: "That thereafterwards, to wit, on or about the 1st day of July A. D. 1906, the Union Mutual Fire Insurance Company, defendant herein, and all other the said insurance companies and the said Cushman & Rankin Company, and your orator, after fully investigating, knowing and understanding all the facts in relation to said fire, to said insurance and to the property destroyed by said fire, for the purpose of compromising and settling said controversy and settling and discharging all claims and demands of the defendant herein and all other said insurance

companies and said Cushman & Rankin Company which they and each of them then claimed to have against your orator, and thereby avoiding litigation, each, in consideration of the promise and agreement of each of the other parties aforesaid, promised and agreed to and with each other of said parties, that your orator should bear one-half of said loss and that said Cushman & Rankin Company and said insurance companies, including the defendant herein, should bear the other one-half of said loss, and each of said insurance companies, including the defendant herein, and the said Cushman & Rankin Company, in consideration that each other of said corporations had promised and agreed to and with your orator and all the other of said corporations, that it would accept and receive from your orator one-half of the amount paid by it to said Cushman & Rankin Company, and that said Cushman & Rankin Company would accept and receive one-half of its loss, as claimed by it, over and above said insurance money so received by it, and that each of said corporations would execute and deliver to your orator a full and complete discharge of all claims and demands which it had or claimed to have against your orator, directly or through the said Cushman & Rankin Company, for loss or damage occasioned by the destruction of said property of said Cushman & Rankin Company, by said fire, your orator then and there, in consideration of said promises and agreements of the said Cushman & Rankin Company and of said insurance companies, including the defendant herein, agreed with and promised to the said Cushman & Rankin Company and each of said insurance companies, including the defendant herein, that on the receipt by your orator of discharges duly executed by each of said corporations, your orator would pay to each of said insurance companies, including the defendant herein, one-half the amount paid by each of said insurance companies respectively, and would pay to said Cushman & Rankin Company the further sum of four thousand one hundred dollars, being one-half of its loss, as claimed by it, over and above all said insurance money received by it.''

*Young & Young* for the orator.

The settlement of disputed matters, without recourse to litigation, is favored both at law and in equity. *Smith* v. *Estate*

*of Rogers;* 35 Vt. 140; *Ormsbee* v. *Howe,* 54 Vt. 182; *Galusha* v. *Sherman,* 47 L. R. A. 417.

The compromise of a doubtful claim, to avoid litigation and buy peace, is a good mutual consideration. *Blake* v. *Peck,* 11 Vt. 483; *Hammon* v. *Cook,* 25 Vt. 295; *Gregg* v. *Weathersfield,* 55 Vt. 385; *Bellows* v. *Sowles,* 55 Vt. 391; *Weed* v. *Terry,* 45 Am. Dec. 257; *Stimson* v. *Poole,* 6 N. E. Rep. 705; *Central Trust Company* v. *Wabash etc. Ry. Co.,* 29 Fed. 546; *Smith* v. *Farra,* 20 L. R. A. 115; *Fisher* v. *May,* 2 Bibb. 448, 5 Am. Dec. 626; *Barlow* v. *Ocean Ins. Co.,* 4 Met. 270. Compromise agreement will be specifically enforced in equity. 8 Cyc. 537; *Richardson* v. *Eyton,* 2 De G. M. & G. 79, 51 Eng. Ch. 62; *Dawson* v. *Newsome,* 2 Giff. 272; *Eden* v. *Naish,* 7 Ch. D. 781; *Scully* v. *Dundonald,* 8 Ch. D. 658; *Gaines et ux.* v. *Molen et ux.,* 30 Fed. 27; *Leach* v. *Fobes,* 11 Gray 506, 71 Am. Dec. 732; *Cook* v. *Richardson,* 178 Mass. 125; *Burton* v. *Landon,.* 66 Vt. 361; *Washburn* v. *Dewey,* 17 Vt. 92.

*Howe & Hovey* for the defendant.

A court of equity will not interfere in cases where a court of law has first taken jurisdiction and can furnish a full, complete and adequate remedy or defence. Pomeroy's Eq. Jur. §179; *Barret* v. *Sargent,* 18 Vt. 365; *Bank of Bellows Falls* v. *Rutland etc. Co.,* 28 Vt. 470; *Glastenbury* v. *McDonald,* 44 Vt. 450; *Fair Haven* v. *Adams,* 46 Vt. 496; *Currier* v. *Rosebrooks,* 48 Vt. 34; *Safford* v. *Gallup,* 53 Vt. 291; *Durkee* v. *Durkee,* 59 Vt. 70; *Druon* v. *Sullivan,* 66 Vt. 609.

The contract relied upon in the bill is a full, complete, and adequate defence at law; and, if orator's claim is true, defendant's claim against the orator was fully merged in the agreement. *Babcock* v. *Hawkins,* 23 Vt. 561; *Hard* v. *Burton,* 62 Vt. 322; *Manley* v. *Vermont Mutual Fire Ins. Co.,* 78 Vt. 331; *Gowing* v. *Thomas,* 67 N. H. 399.

WATSON, J. The defendant contends on demurrer to the bill that the orator has an adequate remedy at law. Hereon it is urged that the alleged agreement, the specific performance of which is here sought, is a binding contract between the orator and the defendant, constituting a full, complete, and adequate

defence to the suit at law: that if the allegations are true the defendant accepted the promise of the orator in full satisfaction of its claim, and the only suit maintainable by the defendant is one upon the agreement. If the agreement set forth is in legal effect as thus argued, then the soundness of the conclusions regarding the adequacy of the orator's remedy at law is not questioned. It is contended by the orator, however, that the bill contains nothing showing an intention or understanding by the parties that anything short of the performance of the agreement should bar an action on the original claim, or that the promise should settle the controversy; and that the contract alleged is an executory accord which discharges the defendant's claim only when performed by the orator and the defendant. So one of the principal questions is as to the construction of the agreement shown by the bill.

At the time of the alleged fire the Cushman & Rankin Company, hereinafter called the insured, held policies of insurance against loss by fire on the property alleged to have been burned, issued one each by the seven different insurance companies named in the bill, hereinafter designated as the insurers, one of which is the defendant. After the fire each of the insurers adjusted and paid its share of the loss, the sum paid by the defendant being $1,483.10, and by all, the aggregate sum of $10,984.92. The insured claimed that the fire was communicated from a locomotive engine operated by the orator; and that its loss exceeded the amount of all the insurance paid by the sum of $8,200, making the total loss sustained by reason of the fire, as claimed by the insured, the sum of $19,184.92. The insurers claimed that the orator was liable to them, either directly or through the insured, for the several amounts they had respectively paid to the latter by reason of the fire. The orator denied that the fire was communicated from one of its engines, and further denied any liability on its part for the loss resulting to the insured, even though the fire was so communicated.

The bill shows that on or about the first day of July, 1906, with the matters standing as stated above, for the purpose of compromising the controversy and settling and discharging all claims and demands which the insurers and the insured, and each of them, then claimed to have against the orator, and thereby avoid litigation, all of the insurers and the insured and the orator,

in consideration of mutual promises,—regarding the sufficiency of which consideration no question is made,—entered into the agreement in question. By its provisions the orator was to bear one-half of said loss, and the insurers and the insured, the other one-half thereof; and to this end the orator was to pay to each of the insurers one-half of the amount paid by it to the insured as insurance on the property burned, and to the insured one-half of its loss over and above the insurance money received; and these amounts so paid they severally promised and agreed to accept and receive in full satisfaction and discharge of their respective claims against the orator, and to deliver to it duly executed discharges accordingly.

We think it clear that the agreement to discharge by the other parties did not rest upon the agreement to perform by the orator; but rather that the compromise necessarily involved a settlement by payments of the sums stipulated by the latter to the former, and that contemporaneous with such payments each party paid was to execute and deliver to the orator a full and complete discharge of all claims and demands which it had or claimed to have of the character then in controversy.

It appears that later, solely by reason of the agreement, fully relying thereon, and in part performance thereof, all of the other parties, except the defendant, were severally paid by the orator and severally executed and delivered to it releases and discharges in compliance therewith; that these payments, aggregating $8,855.91, would not have been made by the orator had not the agreement of compromise been entered into by all of the other parties.

The bill further shows that within a day or two after the agreement was made the orator prepared and delivered to the defendant a discharge to the orator, in form and substance conformable to the agreement, for the defendant to execute, and on receipt of the same duly executed the orator then was, ever since has been, and still is, ready and willing to pay to the defendant the sum of $741.55 which, by the arrangement, was to be paid to it and by it accepted and received in full satisfaction and discharge of any claim it then had or claimed to have against the orator; that the latter has at all times since the making of the contract been ready and willing and has offered to pay, and in the bill avers its readiness and willingness to pay, and offers to

pay, to the defendant in compliance therewith, one-half of all the money paid by it as insurance by reason of said loss; but the defendant has at all times during the same period neglected and refused so to accept and receive such payment, and has wholly neglected and refused to execute and deliver its discharge to the orator according to the provisions of the contract. Moreover, after full performance by the insured and all the insurers, save the defendant, the latter brought its action at law, solely for its own benefit, in the name of the insured, against the orator, declaring in case for damages resulting from the loss of said property, and seeking to recover therein the full amount of money alleged to have been paid by it as insurance by reason of such loss, and the same is now pending.

Since the defendant has not accepted and received the money to be paid to it under the provisions of the agreement of compromise, and has continually refused and still refuses so to do, the agreement as relates to the defendant is executory, and the accord is unsatisfied. Consequently the contention that the contract is a full, complete, and adequate defence to the action at law is untenable; for an accord without satisfaction is not a bar to an action on the original liability. *Bryant* v. *Gale*, 5 Vt. 416; *Rising* v. *Cummings*, 47 Vt. 345; *Manley* v. *Vermont Mutual Fire Ins. Co.*, 78 Vt. 331, 62 Atl. 1020.

The record shows that with full knowledge of the facts in the premises all of the parties entered into the agreement in question for the purpose of compromising doubtful claims held by the insurers, severally, and by the insured, against the orator, growing out of the same loss of property; that the agreement has been performed by the insured and by all the insurers, except the defendant, and to the same extent by the orator, it having made all payments agreed upon, other than that due to the defendant. Having knowledge thereof, and that as to the sum due it under the contract the orator was ready and willing and had endeavored to perform, the defendant brought the suit at law to recover the full amount of its claim, instead of accepting and receiving a moiety thereof in full satisfaction and discharge under the terms of the arrangement. We do not discuss when, or under what circumstances, if at all, such an agreement of compromise may be avoided by one of the claimants after all other parties thereto have acted upon it. That question is not pre-

sented by the record.   It is enough to say that in the circumstances of the case as made by the bill, the repudiation of the contract, and the collection of the whole claim by an action wherein advantage of the contract cannot be had by way of defence, work a great injustice to all and singular the other contracting parties, which a court of equity will struggle to prevent.

Justice requires that the agreement be executed as to the defendant's claim, the same as it has been with respect to all other claims within its provisions; and to this end the equitable relief of specific performance will be granted, and the further prosecution of the suit at law perpetually enjoined.   *Burton* v. *Landon,* 66 Vt. 361; *Cook* v. *Richardson,* 178 Mass. 125; *Leach* v. *Fobes,* 11 Gray, 506, 71 Am. Dec. 732.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*